[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15804
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-01191-CV-T-17-TBM


CATHERINE COLON,
o.b.o. (Deceased) Luis Colon, Jr.,

                                                    Plaintiff-Appellant,

versus


COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 25, 2011)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Catherine Colon, on behalf of her deceased husband, Luis Colon, Jr. ("Mr. Colon"), appeals the district court's order affirming the Social Security Commissioner's denial of Mr. Colon's application for disability insurance benefits. No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove that he is disabled. See 20 C.F.R. § 404.1512.[1] The Social Security Regulations outline

_____

[1]Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. Id.

On appeal, Colon argues that the ALJ did not apply the correct legal standards in evaluating the side effects of Mr. Colon's medications and failed to consider meaningfully the impact of such side effects on his ability to work.[2] A factor relevant to a claimant's subjective symptoms that the Commissioner "will consider" includes the "type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate . . . pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(iv).

Where an unrepresented claimant's hearing testimony raises a question about the side effects of medications, we have concluded that the ALJ has a special

_____

[2]The ALJ determined that Mr. Colon had a combination of severe impairments including status post motor vehicle accident resulting in closed-head injury, left segmented tibia fracture, left anterior cruciate ligament tear and laceration, and an affective disorder.

duty to elicit additional testimony or otherwise make a finding about such side effects. Cowart v. Schweiker, 662 F.2d 731, 735-37 (11th Cir. 1981). In contrast, where a represented claimant makes a similar statement, but does not otherwise allege that the side effects contribute to the alleged disability, we have determined that the ALJ does not err in failing "to inquire further into possible side effects." Cherry v. Heckler, 760 F.2d 1186, 1191 n.7 (11th Cir. 1985).

The ALJ noted the obligation to consider the side effects of Mr. Colon's medications when assessing his subjective complaints and summarized the limited evidence in the record about the side effects. While Mr. Colon had reported some side effects from his medications in a disability report and his lawyer had given the ALJ a list of Mr. Colon's medications and their side effects, Mr. Colon did not mention his medication side effects in response to the ALJ's questions about why he could not return to work. Because Mr. Colon was represented at his hearing, the ALJ was not required to inquire further into Mr. Colon's alleged side effects; and Colon has not shown that the ALJ applied incorrect legal standards. See id.

The ALJ concluded that Mr. Colon's subjective complaints were "not fully credible." Substantial evidence supports the ALJ's decision to discredit Mr. Colon's complaints as they related to medication side effects: none of Mr. Colon's doctors reported any side effects from his medications, and he did not complain to

4

them of any side effects.  See Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (where represented claimant did not complain about medication side effects, other than an isolated mention that they might be responsible for causing her headaches, and where the record did not disclose any concerns about side effects from her doctors, substantial evidence supported the determination that the effects did not present a significant problem).

Colon also argues that the Appeals Council ("AC") failed to consider the new evidence she submitted about Mr. Colon's medication side effects.  This evidence consisted of pharmacy information sheets on which Colon had underlined the side effects experienced by Mr. Colon and pages from the Physicians Desk Reference.

The AC must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007).  The AC must show in its written denial of review that it has evaluated adequately the new evidence.  Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980).

Here, the AC considered and incorporated the additional evidence submitted by Colon into the record.  But the AC denied review because, even in the light of

the new evidence about possible side effects of Mr. Colon's medications, the AC discerned no error in the ALJ's opinion. See Ingram, 496 F.3d at 1262 (the AC may deny review if, even in the light of the evidence, it finds no error in the opinion of the ALJ). And the evidence submitted by Colon was of limited probative value: the side effects she pointed to either were cumulative of those already documented or far exceeded those reported by Mr. Colon. The AC committed no error in refusing to remand to the ALJ in the light of the new evidence.

Colon also challenges the ALJ's decision that Mr. Colon could return to his past relevant work as a gas station attendant. To support a conclusion that the claimant is able to return to his past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of his impairments. Lucas v. Sullivan, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). The burden is on the claimant to show that he can no longer perform his past relevant work as he actually performed it, and cannot perform work of that same kind. Jackson v. Bowen, 801 F.2d 1291, 1293-94 (11th Cir. 1986).

Here, the ALJ determined that Mr. Colon had the RFC to lift 50 pounds occasionally, to lift 10 pounds frequently, and to sit, stand, or walk for about 6 hours in an 8-hour day. Substantial evidence supports the ALJ's conclusion that

6

Mr. Colon could, with this RFC, perform his past relevant work as a gas station attendant as he had actually performed it in the past. Mr. Colon's testimony and work history reports revealed that his former work as a gas station attendant required him only to pump gas and did not require him to lift or carry anything. So, the weight restrictions imposed by his RFC did not preclude him from performing this job as he actually performed it in the past.

Colon contends that the ALJ mischaracterized the testimony of the vocational expert ("VE") about his former work and did not pose to the VE a hypothetical that included all of Mr. Colon's limitations.[3] The VE stated that Mr. Colon's former work as a gas station attendant was a medium duty occupation; and medium duty work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). A weight restriction of 25 pounds would not comport with the ALJ's conclusion that Mr. Colon could lift only 10 pounds frequently; and the VE's testimony would not provide substantial evidence that Mr. Colon could perform his past relevant work as it was generally performed. But such error here is harmless given that substantial evidence supports that Mr. Colon could perform his former work as he actually performed it. See Diorio v. Heckler, 721 F.2d 726, 728 (11th

[3]In general, vocational expert testimony is not necessary to determine whether a claimant can perform his past relevant work. Lucas, 918 F.2d at 1573 n.2.

7

Cir. 1983) (explaining that an ALJ's erroneous statements of fact were harmless error where the errors did not affect the outcome).

AFFIRMED.