Thomas JACKSON, Jr., Plaintiff-Appellant,

v.

Otis BOWEN, Secretary of Health and Human Services, Defendant-Appellee.

No. 86–7130
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 1986.

James A. Turner, Turner, Turner & Turner, P.C., Tuscaloosa, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Jenny L. Smith, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before FAY, ANDERSON and ED-MONDSON, Circuit Judges.

PER CURIAM:

Thomas Jackson, Jr. appeals from the judgment of the district court affirming the denial by the Secretary of Health and Human Services of his claim for Social Security disability benefits and supplemental security income. Because the Secretary made an error of law in deciding whether to consider Jackson's complaints of pain, we reverse.

## I. BACKGROUND

Jackson is a thirty-three year old man who was born with polio. He has an eleventh grade education. Jackson alleged that he became disabled on September 30, 1983, due to weakness in his right leg and pain in both his feet. During the previous year, Jackson had been employed as a janitor in a factory. Prior to that, he had worked for a year with a county road department doing highway repairs. He had earlier worked for five years as a link belt operator in a pipe manufacturing plant. Before he worked in the pipe factory, Jack-

son had worked for a year as a laborer in a yarn mill.

The only medical evidence with regard to the alleged disabling condition in the record is a report by Dr. Blair R. Behringer, a board-certified orthopedic surgeon, who examined Jackson on June 5, 1984. Dr. Behringer noted that Jackson had had polio as a child and that he had twice had surgery on his left leg. He noted that Jackson walks with a cane. Behringer stated that Jackson "is neurologically and functionally intact except for his lower right extremity." Administrative Record at 130. Dr. Behringer concluded that Jackson had an 85% impairment of his lower right extremity, which equated to a 35% impairment of the whole person. *Id.*[1]

The Administrative Law Judge ("ALJ") found that the medical evidence established that Jackson had "severe residuals of poliomyelitis involving the right leg," but that he did not have an impairment or combination of impairments equal to one listed in Appendix 1. *Id.* at 13. The ALJ also found that Jackson's complaints of pain were not supported by the ALJ's observations of Jackson or the medical evidence of record and were not credible. *Id.* The ALJ concluded that Jackson had a residual functional capacity to perform light work.

The ALJ noted that Jackson's job as a link belt operator required periods of sitting and required a residual functional capacity for no more than light work. He denied Jackson's claim because he found that Jackson's impairment did not prevent him from performing his past relevant work as a link belt operator.

## II. DISCUSSION

Under the Social Security Act, Jackson bore the burden of proving that he could no longer perform his past relevant work. *Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir.1986). If a Social Security claimant "can still do [the] kind of work" he has done in the past, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.-920(e) (1986). If the claimant cannot perform his past work, the burden shifts to the Secretary to prove that other work exists in the national economy which the claimant can perform. 20 C.F.R. §§ 404.-1520(f), 416.920(f) (1986). *See Francis v. Heckler*, 749 F.2d 1562, 1564 (11th Cir. 1985).

Jackson contends that the ALJ erred in finding that Jackson could perform his past relevant work as a link belt operator. The ALJ found that Jackson was restricted in climbing and descending stairs. The ALJ also noted that Jackson's job at the pipe manufacturing factory required him to climb and descend stairs. Because his job as a link belt operator required such activity, Jackson argues that the ALJ was inconsistent in finding both that the condition of his right leg prevented him from climbing and descending stairs and also that he could perform his past relevant work as a link belt operator.

■ The regulations require that the claimant not be able to perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past. 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986). "A claimant makes a prima facie showing of disability only by establishing 'that he is unable to return to his former *type* of work.'" *Pelletier v. Secretary of HEW*, 525 F.2d 158, 160 (1st Cir.1975) (emphasis in First Circuit opinion) (citations omitted). A claimant has to "show an inability to return to her previous work (*i.e.,* occupation), and not simply to her specific prior job." *DeLoatche v. Heckler*, 715 F.2d 148, 151 (4th Cir.1983). *See also Jock v. Harris*, 651 F.2d 133, 135 (2d Cir.1981).

■ This circuit has not previously made the distinction between past relevant work and specific prior jobs. We follow the First, Second, and Fourth Circuits in holding that a claimant must demonstrate an inability to return to the previous type

---

1. A residual functional capacity assessment was completed by a state physician and included in the record. Administrative Record at 69–72.

of work he was engaged in. Although Jackson showed that he could not perform his past job as a link belt operator at the pipe manufacturing factory, he did not demonstrate that he could not perform such jobs in general because he did not show that climbing and descending stairs is generally a requisite of such jobs. Thus, Jackson failed to carry his burden under the statute. Because there has been until now no precedent in this circuit on this issue and Jackson may have been unaware of the type of proof necessary to satisfy his burden, and because we are remanding this case to the Secretary on other grounds, we hold that on remand Jackson should be given an opportunity to present evidence that he cannot perform the type of work he previously engaged in.

■ Jackson also contends that it is inconsistent for the ALJ to find that he suffers from an impairment which significantly limits his ability to perform some basic work activities and also to find that he can perform his past relevant work. This argument is meritless. *See Sewell v. Bowen*, 792 F.2d at 1068 n. 3. A finding of a severe impairment is a prerequisite to a finding of disability. However, a severe impairment is not sufficient for a finding of disability. The impairment must be equal to or worse than one of the impairments listed in Appendix 1. Alternatively, the impairment must preclude the claimant from performing his past relevant work or any other work available in the national economy. The ALJ found that Jackson's past relevant work did not require the types of activities which Jackson found it difficult to perform. Thus, it was not inconsistent for the ALJ to find that Jackson had significant impairment and also to find

that he could perform his past relevant type of work.

Jackson also challenges the ALJ's decision concerning Jackson's complaints of disabling pain. The law requires the Secretary "to consider a claimant's subjective testimony of pain if [he] finds evidence of an underlying medical condition, and either (1) 'objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) [that] the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.' " *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir.1986) (brackets in original; citation omitted).

■ Dr. Behringer's report provides substantial evidence of an underlying medical condition, thus satisfying the threshold prerequisite of the above test. The ALJ did consider the first prong of the test, concluding that there was no medical evidence of pain.[2] However, the ALJ did not consider the second alternative for satisfying the test, i.e., whether Jackson's medical condition could reasonably be expected to give rise to the alleged pain. Because he was bound to consider this, the case must be remanded to the ALJ to determine whether Jackson has satisfied the second prong. *Smith v. Bowen*, 792 F.2d 1547, 1554 (11th Cir.1986); *Mason v. Bowen*, 791 F.2d at 1462. Jackson shall be afforded the opportunity to adduce evidence in this regard.

We have considered Jackson's other arguments and find them without merit.

### III. CONCLUSION

We reverse the judgment of the district court with respect to the ALJ's consideration of pain, affirm in all other respects,

---

2. Because we remand for other reasons, and because we anticipate that on remand additional medical evidence will be adduced, we find it unnecessary to review the ALJ's conclusion that there was no objective medical evidence to confirm the severity of the pain, although we note that Dr. Behringer's report, the only possibly relevant medical evidence, does not address it at all. We also find it unnecessary to address Jackson's assertion that the ALJ had a duty,

even when claimant is represented by counsel, to develop a full medical record with respect to the pain issue, because it is clear that present counsel for Jackson sees the need for such medical evidence and will inevitably present such evidence on remand. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981); *Smith v. Bowen*, 792 F.2d 1547, 1554 (11th Cir. 1986).

and remand for proceedings not inconsistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.