[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13212
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 25, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-21129-CV-RLD

CLINTON J. MOORE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,
Michael J. Astrue,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 25, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Clinton Moore appeals a decision that affirmed the denial of his application

for supplemental security income from the Social Security Administration. 42 U.S.C. §§ 405(g), 1383(c)(3). Moore argues that the administrative law judge failed to account for all his past relevant work and erred by finding that he had the residual functional capacity to perform his past relevant work. We affirm.

We review the decision of the administrative law judge "'to determine if it is supported by substantial evidence and based on proper legal standards.'" Crawford v. Comm'r of Social Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

Moore argues that the administrative law judge based his finding of no disability on Moore's light work as a head cashier and excluded his more strenuous responsibilities, but we disagree. The administrative law judge posed to the vocational expert various hypothetical questions that included Moore's restrictions and his job duties. Those questions took into account that Moore was not required to perform tasks classified as medium work. The administrative law judge formulated his questions based on Moore's testimony that, as head cashier, he was required to operate the cash register but had authority to assign other tasks, such as stocking coolers and mopping the floor, to other employees. See Jackson v.

Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986) (per curiam) (To establish a prima facie case of disability, the claimant must prove that he can no longer "perform his past *kind* of work, not that he merely [is] unable to perform a specific job he held in the past." (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)).

Substantial evidence supports the finding by the administrative law judge that Moore was not disabled. Moore complained of back injuries, gout, and alcohol abuse, but none of those conditions is a listed impairment. Moore failed to present any evidence of alcoholism. Medical reports established that Moore's gout was cured in 2001 and his back injuries substantially improved with medication and physical therapy. See 20 C.F.R. § 416.929(c); Watson v. Heckler, 738 F.2d 1169, 1172–73 (11th Cir. 1984) (per curiam). An independent physical examination and residual functional capacity assessment established that Moore was capable of light work. Moore's complaints were also inconsistent with his testimony that he drove his car and performed household chores such as laundry, sweeping his room, and making his bed. See 20 C.F.R. § 416.929(c)(3)(i).

The denial of Moore's application for benefits is **AFFIRMED**.