[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13417
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 31, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-61796-CV-WPD

BARRY A. POPOCK,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2010)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Barry A. Popock appeals the district court's judgment affirming the

Commissioner's denial of his application for disability insurance benefits. The ALJ found that Popock had these "severe impairments: Crohn's disease, lumbar disk disease, coronary heart disease, status post vessel bypass, plantar fasciitis, status post shoulder surgery, polyarthralgia, status post inguinal hernia, hypertension, and hyperlipidemia." The ALJ also found, however, that the residual functional capacity assessments of Popock's treating physicians were not consistent with the medical evidence in the record, and he credited the assessments made by state agency medical consultants instead.[1] Based on that, the ALJ concluded that Popock could perform light work, including his past work as a general manager or as a vice president of a textile company, which he had performed for twenty-one years.

The Appeals Council denied Popock's request for review, making ALJ's decision the final decision of the Commissioner. See Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002). Popock sought review of that decision in district court. After the parties filed cross-motions for summary judgment, the magistrate judge issued a report and recommendation concluding that substantial evidence supported the ALJ's determination that Popock is not disabled and that he has the

---

[1] "'Residual functional capacity' is a determination of a claimant's remaining physical abilities to perform work." Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987).

2

residual functional capacity to perform a full range of light work. Neither party filed objections, and the district court adopted the magistrate judge's report and recommendation, granted the Commissioner's motion for summary judgment, and affirmed the Commissioner's decision. This is Popock's appeal.

The Commissioner contends that this appeal should be dismissed because Popock failed to object to the magistrate judge's report and recommendation. When there are no objections to a magistrate judge's report and recommendation, we review the findings of fact only for plain error or manifest injustice, but we still review de novo the report's legal conclusions. See United States v. Roberts, 858 F.2d 698, 701 (11th Cir.1988); United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982). The magistrate judge and the district court reviewed the ALJ's decision to determine if it was supported by substantial evidence. That review resulted in a legal conclusion instead of findings of fact, so despite Popock's failure to file objections, we review the ALJ's decision under the same standard. See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) ("Our standard of review is, as it is for the district court, whether the ALJ's conclusion as a whole was supported by substantial evidence in the record.").

Popock contends that substantial evidence does not support the ALJ's determination that Popock is not disabled and that he has the residual functional

capacity to perform the "light work" that he used to do. He argues that only the state agency's non-examining medical consultants concluded that he could perform light work, which is not enough to rebut the contrary opinions of his treating physicians.

In determining whether Popock was disabled based on impairments that met or equaled a listed impairment, the ALJ had good cause to determine that the opinions of Dr. Gieseke, one of Popock's examining and treating physicians, should be given less weight than the assessment of Dr. Griscom, the internist the ALJ appointed to evaluate Popock's medical records.[2] Dr. Gieseke had treated Popock infrequently, his assessment was inconsistent with his limited treatment notes, and medical evidence in the record supported a contrary finding. See Phillips v. Barnhart, 357 F.3d 1232, 1240–41 (11th Cir. 2004). The ALJ also did not err when he discounted the opinions of Dr. Feiss, another treating physician. The medical evidence did not support Dr. Feiss' residual functional capacity assessment, which was even more restrictive than Dr. Gieseke's. See id. (holding that good cause exists to accord less than substantial weight to a treating

---

[2] At the first hearing on this matter, the ALJ observed that Popock had "an extremely good work record" and that there were "no questions [Popock has] got multiple problems." Because Popock had "so many medical issues," the ALJ sent his medical records to an internist to evaluate whether Popock was disabled, and there was a second hearing after Dr. Griscom completed that assessment.

physician's opinion when the evidence does not support the opinion or supports a contrary finding).

Dr. Griscom's assessment stated that Popock was a "53 year old gentleman [who] has done well overall despite contending with some difficult and chronic problems." He determined that Popock could stand or walk at least 2 hours and could sit for about 6 hours in an 8-hour workday but that he would have to alternate sitting and standing to relieve pain or discomfort. Dr. Griscom concluded that Popock could "do at least sedentary work and possibly light work if suitably structured."

> Light work is defined as follows:
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567. In addition, "light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251.

The ALJ found that "[t]he medical review that Dr. Griscom provided is an accurate summary of [Popock's] various medical conditions." The ALJ also

5

concluded, however, that "Dr. Griscom's assessment is slightly more restrictive than warranted." He did not explain why. Instead, he "accept[ed] the residual functional capacity assigned by the state agency medical consultants," who concluded that Popock could perform the activities required for the full range of light work, including standing or walking for 6 hours in an 8-hour workday.

None of the examining physicians determined that Popock had the residual functional capacity to perform light work. See Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999) (explaining that if the claimant fails to show his impairments meet or equal a listed impairment, he must show that he is unable to perform his past relevant work). Dr. Griscom offered only a conditional opinion that Popock "possibly" could perform light work in a "suitably structured environment," and he concluded that Popock could stand or walk for 2 hours out of a 6 hour workday, which is inconsistent with the requirements for light work. See SSR 83-10. Only the non-examining state agency consultants determined that Popock could perform light work. The assessment forms filled out by those medical consultants, Andriole James and Gary Cater, do not indicate whether they are medical doctors. On both forms the space for "medical consultant's code" is blank.

Even if the consultants are physicians, "[t]he good cause required before the treating physicians' opinions may be accorded little weight is not provided by the

6

report of a nonexamining physician where it contradicts the report of the treating physician." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988).  Furthermore, the ALJ offered no explanation for his decision to adopt the consultants' assessment over Dr. Griscom's, except to say that Dr. Griscom's assessment was "slightly more restrictive than warranted."  Substantial evidence does not support the ALJ's decision to credit the opinions of the non-examining, state agency medical consultants over the other medical evidence in the record.

The AJL erred when he determined that Popock had the residual functional capacity to perform light work.  We reverse and remand for further proceedings to determine whether, in light of Popock's inability to perform light work, there are jobs in the national economy that he can still perform.  See Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986) ("If the claimant cannot perform his past work, the burden shifts to the [Commissioner] to prove that other work exists in the national economy which the claimant can perform.").

**REVERSED AND REMANDED.**