[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14816
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-00675-TBM

LEROY SIMPSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 14, 2011)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Leroy Simpson appeals the district court's order affirming the Social Security Administration's termination of his disability insurance benefits and supplemental security income, 42 U.S.C. §§ 405(g) and 1383(c)(3). On appeal, Simpson argues that the Administrative Law Judge's ("ALJ") finding that he was able to perform his past relevant work is not supported by substantial evidence because the ALJ incorrectly characterized his past work as being that of a cabinet assembler rather than a cabinet maker. For the reasons stated below, we affirm.

I.

In November 1994, the Social Security Administration found Simpson to be disabled due to chronic renal failure and chronic hemodialysis. In August 2004, the agency conducted a continuing disability review and determined that Simpson was no longer disabled. Simpson requested reconsideration of the cessation of benefits, but the agency upheld its earlier determination. Simpson then requested and was granted a hearing before an ALJ.

At the hearing, Simpson testified that his last job was "doing cabinet work." He explained that he assembled cabinets using a nail gun, hammer, and skil saw. Simpson could not read blueprints, and he did not cut the wood himself. The maximum amount of weight that he was required to lift in that job was 50 pounds. Simpson explained that the wood for the cabinets was pre-cut and that he did not

2

perform any routing. In light of Simpson's testimony, the Vocational Expert ("VE") concluded that he had worked as a cabinet assembler, rather than a cabinet maker. The VE explained that, under the Dictionary of Occupational Titles ("DOT"), the position of cabinet assembler requires a light level of exertion.

The administrative record included a disability report that Simpson completed in connection with his original application for disability benefits in 1994. In that report, Simpson stated that he had prior work experience as a cabinet maker for a kitchen company. He explained that he used specialized machines to build cabinets. The record also contained a vocational report that Simpson filled out in 1994. In the vocational report, Simpson explained that he previously had been employed as a cabinet maker. He had to use a variety of tools and equipment in conjunction with his cabinet work, including a sandpaper machine, jigsaw, skil saw, chop saw, band saw, and a large saw that was used to cut 8' by 4' wood. Simpson also applied formica to the top of the cabinets. He frequently had to lift or carry cabinets weighing over 50 pounds.

The ALJ issued a written decision concluding that Simpson was no longer disabled. The ALJ determined that Simpson had experienced medical improvement since his original disability determination but still had two severe impairments: residuals of a kidney transplant and diabetes mellitus. Neither of

those impairments met or equaled a listed impairment. The ALJ found that Simpson had the residual functional capacity to perform a full range of light work. The ALJ concluded that Simpson could perform his past relevant work as a cabinet assembler because that position only required a light level of exertion. Accordingly, the ALJ determined that Simpson was no longer disabled. The Appeals Council denied review, and the district court affirmed.

## II.

We review the Commissioner's factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Social Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Id.*

The Social Security regulations establish a multi-step sequential evaluation process for determining whether a claimant's disability benefits or supplemental security income should be terminated. 20 C.F.R. §§ 404.1594(f) and 416.994(b)(5). Among other things, the claimant's benefits must be terminated if he is once again able to perform his past relevant work. 20 C.F.R.

§§ 404.1594(f)(7) and 416.994(b)(5)(vi). The claimant bears the burden of showing that he cannot perform his past work as he actually performed it and as it is generally performed in the national economy. Social Security Ruling (SSR) 82-61; *see also Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (explaining that the claimant must show that he is unable to perform the same type of work that he performed in the past).

The ALJ must consider all the duties of the claimant's past work and evaluate the claimant's ability to perform them in spite of his impairments. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). The ALJ may rely on a VE's testimony regarding the physical and mental demands of the claimant's past work. 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2). The ALJ also may consider the job descriptions set forth in the DOT. *Id.*

The DOT describes the position of cabinet maker as follows:

Sets up and operates variety of woodworking machines and uses various handtools to fabricate and repair wooden cabinets and high-grade furniture: Studies blueprints or drawings of articles to be constructed or repaired, and plans sequence of cutting or shaping operations to be performed. Marks outline or dimensions of parts on paper or lumber stock, according to blueprint or drawing specifications. Matches materials for color, grain, or texture. Sets up and operates woodworking machines, such as power saws, jointer, mortiser, tenoner, molder, and shaper, to cut and shape parts from woodstock. Trims component parts of joints to ensure snug fit, using handtools, such as planes, chisels, or wood files. Bores holes for

5

insertion of screws or dowels by hand or using boring machine. Glues, fits, and clamps parts and subassemblies together to form complete unit, using clamps or clamping machine. Drives nails or other fasteners into joints at designated places to reinforce joints. Sands and scrapes surfaces and joints of articles to prepare articles for finishing. May repair high-grade articles of furniture. May dip, brush, or spray assembled articles with protective or decorative materials, such as stain, varnish, or paint. May install hardware, such as hinges, catches, and drawer pulls…

DOT § 660.280-010 (4th ed., revised 1991).

The position of cabinet assembler has the following characteristics:

Assembles radio, television, and phonograph cabinets, using handtools: Fits prefabricated wooden parts together. Trims and smooths parts to fit, using handtools and sandpaper. Inserts screws or dowels in predrilled holes, and fastens parts together with screwdriver, glue, and clamps. Installs hardware, such as hinges, catches, and knobs, on assembled cabinet. May cut baffle cloths and plastic screens to specified size and install them in cabinets, using hand or machine cutters, screwdriver, and stapling gun.

DOT § 763.684-014.

In this case, substantial evidence supports the ALJ's decision to classify Simpson as a cabinet assembler, rather than a cabinet maker. Simpson explained that he did not perform any cutting or routing, but rather, assembled pre-cut wood into cabinets. This is consistent with the DOT's description of a cabinet assembler. *See* DOT § 763.684-014. By contrast, a cabinet maker cuts and shapes the parts of the cabinet from woodstock. *See* DOT § 660.280-010. Simpson also

6

stated that he could not read blueprints, which is a key element of the position of cabinet maker. *See* DOT § 660.280-010. The ALJ could also rely on the testimony of the VE, who explained that Simpson's job duties were more consistent with those of a cabinet assembler as opposed to cabinet maker. *See* 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2). Thus, the record supports the ALJ's conclusion that Simpson's past work experience was that of a cabinet assembler.

Simpson also argues, for the first time on appeal, that the ALJ should have classified him as a "kitchen cabinet assembler." He observes that the DOT's definition of cabinet assembler only refers to the assembly of radio, television, and phonograph cabinets, and he contends that the assembly of kitchen cabinets requires different skills. We conclude that Simpson waived this argument by failing to present it to the district court. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (social security case noting that issues not raised before the district court are waived and may not be presented for the first time on appeal). Moreover, we note that there is no evidence in the record showing that the position of "kitchen cabinet assembler" requires different skills or a different level of exertion than the position of cabinet assembler.

We conclude that the record supports the ALJ's finding that Simpson's previous work was that of a cabinet assembler. The job of cabinet assembler, as it

is generally performed, is a light exertional position, and the ALJ found that Simpson retained the functional capacity to perform light work.  Therefore, substantial evidence supports the ALJ's determination that Simpson could perform his past relevant work.  Accordingly, after review of the administrative record and the parties' briefs, we affirm.

**AFFIRMED.**