[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10356
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-02490-TGW

JUAN HERNANDEZ,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 11, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Hernandez appeals the district court's order affirming Michael Astrue's

("the Commissioner") denial of his application for disability insurance benefits, 42

U.S.C. § 405(g), and Supplemental Security Income benefits, 42 U.S.C. § 1383(c)(3). On appeal, Hernandez argues that the Administrative Law Judge ("ALJ") erred by finding that he could return to his past relevant work as a truck driver. After careful review, we affirm.

We review the Commissioner's factual findings to determine whether they are supported by substantial evidence. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). It is "more than a scintilla, but less than a preponderance." Id. In conducting this review, we may not reweigh the evidence or substitute our judgment for that of the ALJ. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). On the other hand, we will reverse where the ALJ fails to apply the correct law or to "provide [us] with sufficient reasoning for determining that the proper legal analysis has been conducted." Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

The social security regulations establish a five-step, sequential evaluation process to determine disability for both SSI and disability benefits claims. See 20 C.F.R. §§ 404.1520, 416.920. The ALJ must evaluate: (1) whether the claimant engaged in substantial gainful employment; (2) whether the claimant has a severe

2

impairment; (3) whether the severe impairment meets or equals an impairment in the Listing of Impairments; or (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform. See Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The sequential process places a "very heavy burden" on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). Throughout the process, the burden is on the claimant to introduce evidence in support of his application for benefits. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and a claimant's ability to do past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). The claimant bears the burden of showing that he cannot perform his past work as he actually performed it and as it is generally performed in the national economy. See Social Security Ruling ("SSR") 82-61, available at 1982

WL 31387; see also 20 C.F.R. §§ 404.1520(f), 416.920(f).  We have construed those regulations to require that a claimant prove that he is not able to "perform his past kind of work, not that he merely be unable to perform a specific job he held in the past."  Jackson v. Bowen, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (emphasis in original) (holding that, although claimant showed that he could not perform his past job as a link belt operator at a pipe manufacturing factory, he did not show that he could not perform such jobs in general because he did not show that climbing and descending stairs is generally a requisite of such jobs).

An ALJ may rely on information contained in the Dictionary of Occupational Titles ("DOT") to determine whether a claimant can perform his past relevant work as it is generally performed in the national economy.  See SSR 82-61; 20 C.F.R. 404.1560(b)(2); Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir. 1999) (holding that, while the information in the DOT is not dispositive, the ALJ may "take administrative notice of reliable job information available from various governmental and other publications, such as the DOT").  Generally, vocational expert testimony is not necessary to determine whether a claimant can perform his past relevant work. Lucas v. Sullivan, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990).

As an initial matter, substantial evidence supports the ALJ's finding that Hernandez could perform past relevant work.  The ALJ found that Hernandez was

capable of performing light work.  Hernandez does not challenge that finding on appeal, and thus abandons any challenge to that finding.  See Allstate Ins. Co. v. Swann, 27 F.3d 1539, 1542 (11th Cir. 1994) (noting that issues not raised on appeal are considered abandoned).

Moreover, the ALJ's determination that Hernandez could perform his past relevant work as a truck driver, as it is performed in the general economy, is supported by substantial evidence.  The record demonstrates that the ALJ adequately considered evidence of the duties of a type of truck driver, a telephone-directory distributor, in finding that Hernandez could perform work of the same kind as past relevant work.  In making this finding, the ALJ referred to the DOT identification number for the telephone-directory distributor position. From the DOT classification, the ALJ determined that the telephone-directory distributor position required only light exertion. The ALJ was permitted to rely on the DOT classifications to determine whether Hernandez's past relevant work was light in exertion as it is generally performed in the national economy. See SSR 82-61; 20 C.F.R. § 404.1560(b)(2); Jones, 190 F.3d at 1230. The DOT does, in fact, indicate that the position of telephone-directory distributor requires a light level of exertion. See DOT Listing No. 906.683-018, available at DICOT § 906.683-018.  Because the ALJ determined that Hernandez's RFC allowed for light exertion, and because a telephone-directory

5

distributor job required only light exertion, there was substantial evidence to support the ALJ's decision in this case.[1]

Accordingly, we affirm.

**AFFIRMED.**

---

[1] Notably, Hernandez does not attempt to argue that his RFC prevents him from performing work as a telephone-directory distributor, but that he cannot perform the telephone-directory distributor job because he is not fluent in English. However, the Dictionary of Occupational Titles does not specify that the applicant must be able to perform the telephone-directory distributor job in English. See DOT Listing No. 906.683-018, available at DICOT § 906.683-018. Hernandez thus failed to carry his heavy burden of establishing that he was unable to perform this kind of work. See Moore, 405 F.3d at 1211.

Finally, because substantial evidence supports the ALJ's finding that Hernandez could perform his past relevant work, we need not reach the issue of whether the ALJ erred by misapplying the Medical-Vocational Guidelines nor whether the ALJ erred by not considering Dr. Cater's opinion, as Hernandez raises that issue solely in the context of step five of the sequential evaluation. See 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4) (providing that if a claimant is found to be not disabled at any particular step in the sequential analysis, the Commissioner will make its determination without moving on to the next step).