[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 07, 2011
JOHN LEY
CLERK

No. 11-10606
Non-Argument Calendar
_____

D. C. Docket No. 8:09-cv-01025-EAJ

KAREN SCOTT,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 7, 2011)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Karen Scott appeals the district court's order affirming the denial of her claim for disability insurance benefits and Supplemental Security Income ("SSI"). Scott argues that the administrative law judge ("ALJ") erred by failing to consider the mental demands of her past relevant work. After thorough review, we affirm.

We review the agency's legal conclusions de novo and its factual findings to determine whether they are supported by substantial evidence. Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). We may not reweigh the evidence or substitute our judgment for that of the ALJ. Dyer, 395 F.3d at 1210.

When determining a claimant's eligibility for benefits, an ALJ must consider whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) based on her age, education, and work experience, can perform other work of the sort found in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004); see also 20 C.F.R.

§ 404.1520. "At the fourth step, the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work." Phillips, 357 F.3d at 1238 (citing 20 C.F.R. § 404.1520(a)(4)(iv)). Residual functional capacity is the claimant's remaining ability to work despite her impairments. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). "If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled." Phillips, 357 F.3d at 1237.

Under this court's interpretation of the regulations, the claimant bears the burden to prove that she is unable to "perform h[er] past *kind* of work, not that [s]he merely be unable to perform a specific job [s]he held in the past." Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986) (emphasis added) (holding that while claimant was unable to perform his previous job as a link belt operator at a pipe manufacturing facility, which required him to climb and descend stairs, he did not establish that he was unable to perform his "past relevant work" because he failed to show that working as a link belt operator in other settings would also require him to climb and descend stairs).

Scott's sole argument on appeal is that the ALJ erred by denying her claim for relief without considering the mental demands of her past work as a teacher's aide. We conclude that the ALJ properly considered Scott's residual functional

3

capacity and her ability to return to her past relevant work in assessing her eligibility for benefits. Scott's primary impairments include depression, degenerative joint and disc disease, fibromyalgia, as well as chronic pain in the neck, lower back, hands and feet. The ALJ reported that Scott's residual functional capacity is only "slightly limited" as a result of her physical impairments. Specifically, the ALJ found that in light of Scott's treatment records she has the residual functional capacity to perform "light work," as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Under § 404.1567(b), light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Further, "light work" jobs generally "require[] a good deal of walking or standing, or . . . involve[] sitting most of the time with some pushing and pulling of arm or leg controls." See 20 C.F.R. § 404.1567(b). The ALJ noted that Scott's past relevant work involved serving as a teacher's aide, which is categorized as "light work" in the Dictionary of Occupational Titles ("DOT"). The DOT's description of the tasks that a teacher's aide typically performs matches Scott's own account of the tasks she completed while working as a teacher's aide. These tasks include grading papers, developing lesson plans, and assisting teachers.

Scott argues that when the ALJ concluded that she could perform her past work, the ALJ failed to take into account the fact that the students with whom she worked as a teacher's aide were "emotionally disturbed" and "abusive" towards her. The claimant, however, bears the burden to prove that she is unable to perform her past relevant work as that job is performed in the general economy, not merely as it is performed in the specific circumstances in which the claimant worked in the past. See Jackson, 801 F.2d at 1293-94. Scott does not argue that she is unable to work as a teacher's aide as that job is generally performed and has therefore waived that argument. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (explaining that issues not argued on the merits in the parties' briefs are waived); see also Fed. R. App. P. 28(a)(5). Further, an ALJ may rely on information contained in the Dictionary of Occupational Titles to determine whether a claimant can perform her past relevant work as it is generally performed in the national economy. See Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir. 1999) (explaining that while the DOT is not dispositive, the ALJ may "take administrative notice of reliable job information available from various governmental and other publications, such as the DOT"); see also 20 C.F.R. § 404.1560(b)(2) (explaining that the Social Security Administration "may use . . . resources, such as the Dictionary of Occupational

Titles . . . published by the Department of Labor, to obtain evidence . . . to help . . . determine whether you can do your past relevant work, given your residual functional capacity").

We conclude that substantial evidence supports the ALJ's determination that Scott is able to work as a teacher's aide. The DOT indicates that working as a teacher's aide requires only light exertion. See DOT Listing No. 099.327-010, available at DICOT § 099.327-010. In addition, the ALJ found that Scott's RFC allows for light exertion. The ALJ reported that none of Scott's treating or examining physicians placed limitations on her ability to function or precluded Scott from work activity. Substantial evidence thus supports the ALJ's determination that Scott could perform her past relevant work as a teacher's aide.

For these reasons, we AFFIRM the denial of benefits.

AFFIRMED.