[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12709
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00026-WLS

JOHN LEVIE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 25, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

John Levie appeals from the district court's judgment affirming the Social Security Administration's ("SSA") denial of his applications for disability insurance benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1383.  On appeal, Levie first argues that substantial evidence does not support the administrative law judge's ("ALJ") finding that he was able to work.  Second, he asserts that substantial evidence does not support the ALJ's finding that he could perform his past relevant work.  Finally, he argues that the Appeals Council ("AC") erred in denying review based on the new evidence that he had submitted to the AC.

After thorough review of the record and the parties' briefs, we affirm.

## I.  Ability to work

We review the decision of the ALJ as the Commissioner's final decision when the ALJ denies benefits and the AC denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The Commissioner's factual findings are reviewed with deference, and the "factual findings are conclusive if they are supported by substantial evidence, consisting of such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id*. (quotation marks omitted).  Even if we find that the evidence preponderates against the Commissioner's decision, we must affirm if the decision is supported by substantial evidence.  *Barnes v. Sullivan*, 932 F.2d 1356, 1358

2

(11th Cir. 1991). The claimant bears the burden of proving that he is disabled and, thus, is responsible for producing evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

The social security regulations establish a five-step, sequential evaluation process to determine disability for disability benefits claims. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ must evaluate: (1) whether the claimant engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listing of Impairments; or (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in light of the claimant's RFC, age, education, and work experience, there are other jobs in the national economy the claimant can perform. *Id.* In determining whether a claimant is disabled, the Commissioner considers all of the claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. *Id.* §§ 404.1529(a), 416.929(a).

Substantial evidence supports the ALJ's finding that Levie was not disabled or unable to work. Contrary to Levie's assertions, the evidence that he presented did not demonstrate that he had an inability to work with co-workers or under any supervision. He was fired from his previous jobs for reasons other than his

3

vocational limitations. For example, Levie testified before the ALJ that he was fired from his job at Automax because someone claimed that he had hit a car with his trailer. He was fired from his job as a relief worker because the employer claimed he left too many messes, from his job fixing computers because he was claimed to have had inappropriate contact with a female, and from a second computer job because he was claimed to have made a security mistake. Levie never testified before the ALJ that he was fired from any of these jobs because of an inability to get along with co-workers nor did he provide any evidence that he was fired for this reason. Additionally, no treating physician or psychiatrist found that Levie had the inability to work under supervision.

Moreover, the ALJ specifically addressed Levie's vocational limitations in the RFC determination, as evidenced by the ALJ's finding that Levie "should perform simple, 1 to 3-step work, and he should not deal with the general public." While Levie stated that he did not like to interact with people, the ALJ credited his testimony that he regularly attended church, shopped, went out to eat with his family, visited with his mother's sitters, and oversaw people performing repairs at his church.

Accordingly, substantial evidence supports the ALJ's finding that Levie was able to work.

## II. Past relevant work

To support a finding that the claimant is able to return to his past relevant work, the ALJ must consider all of the duties of that work and evaluate the claimant's ability to perform them in spite of his impairments. *See Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (remanding for evaluation of all of claimant's impairments and the effect they have on her ability to fulfill the duties of her past relevant work). The claimant bears the burden of proving that he cannot return to his past relevant work. *Id.* at 1571. The claimant must demonstrate an inability to perform his "past *kind* of work, not that he merely be unable to perform a specific job he held in the past." *See Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (holding that although claimant had demonstrated that he could not perform his past job as a link belt operator at the pipe manufacturing factory, he did not demonstrate that he could not perform such jobs in general because he did not show that climbing and descending stairs is generally a requisite of such jobs). Accordingly, where the claimant's specific prior job might have involved functional demands and duties significantly in excess of those generally required for such work by employers in the national economy, the claimant must still demonstrate that, in addition to being unable to perform the excessive functional demands actually required by his former job, he cannot perform the functional demands and job duties of the position as generally

5

required by employers throughout the national economy.  SSR 82-61, 1982 WL 31387 (1982).

Here, substantial evidence supports the ALJ's finding that Levie could return to his past relevant work as a yard worker.  As discussed above, Levie did not demonstrate that he had the inability to work with co-workers or a supervisor, and the ALJ found that the work of a yard worker did not require the performance of work-related activities precluded by Levie's RFC.  While Levie indicated that he had repaired and maintained equipment and kept records as part of his past work, he did so because he was also the owner of the business, not because those tasks generally are required as a yard worker.  Although he might not be able to return to all of the particular job duties he had performed in his prior job, substantial evidence supports the ALJ's conclusion that Levie did not meet his burden of demonstrating that he would be unable to return to the occupation of yard worker as it is generally performed in the national economy.  *See Lucas*, 918 F.2d at 1571; *Jackson*, 801 F.2d at 1293.

### III. AC evidence

Generally, a claimant is allowed to present new evidence at each stage of the administrative process.  *See* 20 C.F.R. § 404.900(b).  The AC must consider new, material, and chronologically relevant evidence and must then review the case if the ALJ's decision is contrary to the weight of the evidence currently of record.  *Id.*

6

§§ 404.970(b), 416.1470(b).  When a claimant properly presents new evidence to the AC and it denies review, we essentially consider the claimant's evidence anew to determine whether "that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

SSA regulations provide that the medical opinion of a treating source is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  A treating source is defined as the claimant's own physician or psychologist who has provided the claimant with medical treatment or evaluation, and who has had an ongoing relationship with the claimant.  *Id.* § 416.902.  A physician or psychologist is not a treating source if the relationship "is not based on [the claimant's] need for treatment or evaluation, but solely on [the claimant's] need to obtain a report in support of [the] claim for disability."  *Id.*  Additionally, the opinion of a treating source may be discounted where the opinion is not supported by objective medical evidence or is merely conclusory.  *See Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987).

Here, the AC properly declined to review the ALJ's decision in light of the evidence submitted.  The record reflects that the AC considered the evidence Levie submitted in deciding not to review his case and found that it did not provide a

7

basis for changing the ALJ's decision.  The AC specifically stated it "considered the reasons [Levie] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Counsel."  Contrary to Levie's assertion, nothing requires the AC to further explain its denial of review, and in any event we must consider the evidence anew to determine whether the new evidence renders the denial of benefits erroneous.  *See Ingram*, 496 F.3d at 1262.

Moreover, the AC did not err in declining to review the ALJ's decision in light of the evidence submitted because the evidence was not material.  Letters from two members of Levie's church showed that Levie had some difficulty working with members of his church on construction projects.  However, Levie was not removed due to his alleged inability to get along with co-workers or supervisors; instead, he was removed because he wanted to become a contractor and the church did not want to give him an unfair advantage over other potential contractors.

The information provided by Dr. Todd Smith similarly did not render the ALJ's decision contrary to the weight of the evidence in the record.  First, Dr. Smith was not a treating psychologist as his opinion was not based on Levie's need for treatment or evaluation.  Second, while Levie reported to Dr. Smith that he had been terminated from every job he had previously held because of his inability to interact with supervisors and co-workers, this information was directly at odds

8

with Levie's testimony before the ALJ regarding his reasons for being fired. Finally, Dr. Smith's evaluation showed that some of Levie's test results were suspect.

Levie's evidence did not render the ALJ's decision contrary to the weight of the evidence in the record, and the AC did not err in denying review.

## IV. Conclusion

Upon review of the record and consideration of the parties' briefs, we affirm.

AFFIRMED.