[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14436
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-02148-AEP

ANGEL RIVERA-CRUZADA,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 13, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Angel Rivera-Cruzada appeals the district court's order affirming the Commissioner of the Social Security Administration's denial of his application for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI).  Rivera-Cruzada contends the administrative law judge (ALJ) erred in finding, based on a vocational expert's (VE) testimony, that Rivera-Cruzada could return to his past relevant work as a chauffeur.   After review, we affirm.[1]

The social security regulations set forth a five-step, sequential evaluation process used to determine disability for purposes of DIB and SSI claims.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).  The ALJ must evaluate: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listing of Impairments; or (4) whether the claimant has the residual functional capacity (RFC) to perform his past relevant work; and (5) whether, in light of the claimant's age, education, and work experience, he can perform other work found in the national economy.  *See Phillips v. Barnhart*, 357

---

[1] While the court reviews the Commissioner's decision with deference to factual findings, no such deference is given to legal conclusions. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "[W]e review *de novo* the legal principles upon which the Commissioner's decision is based." *Id.* But the resulting decision is reviewed only to determine whether it is supported by substantial evidence. *Id.* "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Id.*

F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step four, the ALJ assesses the claimant's RFC and determines whether, in light of the RFC, the claimant can perform his past relevant work. *See* 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404. 1545(a)). At step four, the claimant bears the burden of persuasion. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The claimant must prove he is not able to "perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986).

In determining whether the claimant is able to return to his past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of his impairments. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). The ALJ may rely on information contained in the Dictionary of Occupational Titles (DOT) to determine whether a claimant can perform his past relevant work. *See Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999). The ALJ may also rely on the testimony of a VE, "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

The VE testified Rivera-Cruzada could perform his past relevant work as a chauffeur without being able to speak English.  The VE further assured the ALJ that his testimony was consistent with the DOT.  Rivera-Cruzada contends the ALJ erred in relying on the VE's testimony because "it is obvious . . . that this job requires the ability to communicate in English, per the [DOT]."

We disagree. The DOT lists a language level of two for chauffeur.  The listing explains that the following is required:

> READING: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes.
>
> WRITING: Write compound and complex sentences, using cursive style, proper end punc[t]uation, and employing adjectives and adverbs.
>
> SPEAKING: Speak clearly and distinctly with appropriate pauses and emphasis, correct punc[t]uation, variations in word order, using present, perfect, and future tenses.

DOT No. 913.663-010, *available at* 1991 WL 687826.  Importantly, the DOT listing for chauffeur does not specifically require that the claimant's language be English.  *Id.*  Therefore, the VE's testimony that Rivera-Cruzada could perform his past relevant work as a chauffeur without being able to speak English does not conflict with the DOT.

To the extent Rivera-Cruzada asserts the ALJ contravened Social Security Ruling (SSR) 00-4p, his argument is without merit.  SSR 00-4p clarifies the Social

Security Administration's standards for using VE testimony in disability decisions. SSR 00-4p, *available at* 2000 WL 1898704.  SSR 00-4p provides that "before relying on VE . . . evidence" the ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the [DOT]."  *Id.* at \*1. Here, as noted above, the occupational evidence provided by the VE did not conflict with the DOT.  Therefore, the ALJ did not contravene SSR 00-4p by failing to inquire further.

Finally, Rivera-Cruzada waived his contention that the VE ought to have characterized his past relevant work as "driver" rather than "chauffeur" by failing to challenge the VE's characterization before the district court.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Rivera-Cruzada did not meet his burden to show that he could not perform his past relevant work as it is generally performed in the national economy.  Therefore, we affirm the Commissioner's denial of Rivera-Cruzada's application for a period of disability, DIB, and SSI.

**AFFIRMED.**