[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14937
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-00285-AAS

LEONARD SMITH,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 26, 2018)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Leonard Smith appeals the district court's order affirming the decision of the Commissioner of Social Security to deny his application for disability benefits.  On appeal Smith argues that the administrative law judge ("ALJ") erred in classifying his past relevant work and as a result incorrectly concluded that he could perform such work.  After careful consideration, we affirm the district court's judgment in favor of the Commissioner.

## I.    FACTUAL BACKGROUND

Smith applied for social security disability insurance benefits.  After his application was denied, he received a hearing before an ALJ.  At the hearing, the ALJ heard testimony from Smith about, among other things, his previous work experience and from William Harvey, a vocational expert.  Smith testified that he spent most of his career working in television repair but also had worked for a property management company.   While working for the property management company, Smith was responsible for answering phones and hanging rent notices on doors.

Harvey testified about how to classify Smith's previous work.  Relying on the Dictionary of Occupation Titles ("DOT"), Harvey opined that Smith's work for the property management company most closely resembled the position of telephone clerk, which is a semi-skilled, sedentary position.  Harvey acknowledged that, unlike other telephone clerks, Smith was required to hang rent notices.  But

2

Harvey nonetheless concluded that a telephone clerk most resembled Smith's position because there was no description in the DOT for a position that involved hanging rent notices. Harvey noted that the DOT included a position for real estate clerk, which was a skilled job that involved sending rent notices, but found that it did not fit Smith's position, which involved hanging rent notices on the doors of apartments.

The ALJ then asked Harvey whether a hypothetical person with Smith's age, education level, and past work experience who was limited to, among other things, walking or standing for only two hours a day could perform any of Smith's past work. Harvey responded that this hypothetical person could work as a telephone clerk.

After considering the evidence, the ALJ issued a written decision applying the five-step sequential evaluation process and determining that Smith was not disabled. At the first step, the ALJ found that Smith was not engaged in substantial gainful activity during the relevant time period. At the second step, the ALJ concluded that he had severe impairments. At the third step, the ALJ found that Smith did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. The ALJ then assessed Smith's residual functional capacity and found that he had certain exertional

3

limitations, including that he could stand or walk for only two hours in an eight hour work day.

At step four, the ALJ found that Smith was capable of performing his past work. The ALJ classified Smith's past work for the property management company as telephone clerk. Relying on Harvey's testimony about the duties of a telephone clerk, the ALJ found that Smith could perform the job both as he actually performed it and as it generally is performed in the national economy. Because Smith could perform his past relevant work, the ALJ concluded that he was not disabled.

Smith challenged in district court the ALJ's finding that he was not disabled. The district court affirmed the Commissioner's determination. This is Smith's appeal.

## II.    STANDARD OF REVIEW

We review the Commissioner's decision to determine whether it is supported by substantial evidence, but we review *de novo* the legal principles upon which the decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). Substantial evidence refers to "such relevant evidence as a reasonable person

would accept as adequate to support a conclusion." *Moore*, 405 F.3d at 1211.  Our limited review precludes us from "deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.*

### III.    LEGAL ANALYSIS

A person who applies for disability insurance benefits must prove, among other things, that he is disabled.  *See* 42 U.S.C. § 423(a)(1).  To determine whether a claimant is "disabled," an ALJ applies a sequential evaluation process to determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe and medically determinable impairment or combination of impairments; (3) has an impairment or combination of impairments that satisfies the criteria of a "listing[]"; (4) can perform his or her past relevant work in light of his or her residual functional capacity; and (5) can adjust to other work in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

On appeal, Smith challenges the ALJ's conclusion that he could perform his past relevant work.  In considering whether a claimant can return to past work, the ALJ must (1) consider all the duties of the past relevant work and (2) evaluate the claimant's ability to perform the duties in light of his impairments.  *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990).  The claimant must show that he can no longer "perform his past *kind* of work, not that he merely [is] unable to

perform a specific job he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986)).

Our decision in *Jackson* illustrates the distinction between the duties generally involved in a type of work and those required in a specific job.  In *Jackson*, the claimant, who previously had worked as a belt operator in a pipe manufacturing factory, asserted that he was unable to return to his past work because he could no longer climb and descend stairs as required in the job that he had held.  *Id.* at 1293-94.  We held that the claimant failed to show that he was unable to return to his previous type of work because there was no evidence that belt operator jobs generally required a worker to climb and descend stairs.  *Id.* Under *Jackson*, when a claimant's prior job involved functional demands and duties significantly in excess of those generally required for that type of work by employers in the national economy, it is not enough for the claimant to show that he cannot perform the demands and duties actually involved in the job.  Instead, he must show that he cannot perform the functional demands and job duties of the position generally required by employers nationwide.  *See id.*; SSR 82–61, 1982 WL 31387 (Jan. 1 1982).

We acknowledge that the analysis is somewhat different when the claimant's past relevant work qualifies as a composite job.  A composite job is one that has "significant elements of two or more occupations and, as such, [has] no counterpart

6

in the DOT." SSR 82-61 at *2. Past relevant work may qualify as a composite job "if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant." Program Operations Manual System ("POMS") DI 25005.020.[*] When the claimant's previous work qualifies as a composite job, the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform his previous work as actually performed. *See* SSR 82-61 at *2.

Smith argues that the ALJ erred in refusing to classify his position with the property management company as a composite job. He contends that the position qualifies as a composite job because he was required to hang rent notices, which is a duty beyond the usual responsibilities of a telephone clerk. But we conclude that substantial evidence supports the ALJ's finding that the position was not a composite job. To establish that his position was a composite job, Smith had to prove that hanging rent notices was one of the "main duties" of his position with the property management company. POMS DI 25005.020; *see* SSR 82-61 (requiring that a composite job has "significant elements of two or more occupations"). Although Smith bore the burden of proof on this issue, he

---

[*] The Social Security Administration's POMS is the publicly available operating instructions for processing Social Security claims. *Wash. State Dep't of Soc. & Health Servs. v. Keffeler*, 537 U.S. 371, 385 (2003). While the "administrative interpretations" contained within the POMS "are not products of formal rulemaking, they nevertheless warrant respect." *Id.*; *see Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003) ("While the POMS does not have the force of law, it can be persuasive.").

introduced no evidence about how much time he spent hanging rent notices or otherwise establishing that this duty was a significant element of the job. Furthermore, Smith has not identified what other occupation listed in the DOT he contends that he was performing when he hung the rent notices. *See* POMS DI 25005.020. We thus conclude that the ALJ did not err in concluding that Smith's past work with the property management company was not a composite job.

In addition, substantial evidence supports the ALJ's conclusion that Smith could perform the functional demands and duties of a telephone clerk as generally required by employers nationwide. Indeed, Smith has offered no argument that was unable to perform the demands and duties of that position.

## IV.   CONCLUSION

For the reasons set forth above, we affirm the Commissioner's decision to deny benefits.

**AFFIRMED.**